IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv525-W[1]
(3:03cr181-W)

| | |
|---|---|
| ROBERT ANTHONY THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Respondent's Motion to Dismiss (Doc. No. 3).

On October 20, 2010, Petitioner filed a document captioned as a Motion for Relief by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Thereafter, the Court conducted an initial review and on October 25, 2010, directed Respondent to respond to Petitioner's allegations.

On December 9, 2010, Respondent filed a Motion to Dismiss Petitioner's § 2255 Motion on the ground that it was filed in violation of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. (Doc. No. 3). Specifically, Respondent contends that Petitioner did not sign his Motion under penalty of perjury as required by Rule 2, and did not provide an affidavit or a declaration attesting to the allegations set out in said Motion. (Id. at 1-2). Rather, Respondent reports that Petitioner merely ended his Motion with the words "Respectfully submitted." (Id. at 3).

---

[1] This case is assigned to the Honorable Frank D. Whitney, United States District Judge. However, the foregoing Motion has been assigned to the Honorable Graham C. Mullen, Senior United States District Judge.

Respondent's Motion to Dismiss ultimately is governed by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Such Rule provides that a § 2255 motion "must be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

The Court's review of Petitioner's pleading reflects that he has, indeed, failed to sign his Motion under penalty of perjury, or to support his allegations by way of an affidavit or a declaration. Therefore, Petitioner has submitted his Motion in violation of Rule 2.

However, rather than dismissing the subject Motion for this violation, the Court finds that it should instead bring this error to Petitioner's attention and give him an opportunity to amend his Motion by submitting it under penalty of perjury or by attaching an affidavit or declaration to it. Kafo v. United States, 467 F.3d 1063, 1069 (7th Cir. 2006) (noting that when confronted with a violation of Rule 2, instead of dismissing the motion, "the better practice is to give a petitioner an opportunity to conform his petition to procedural requirements."). Therefore, the Court will deny Respondent's Motion to Dismiss Petitioner's § 2255 Motion.

On the other hand, the Court will grant Respondent's Request for an extension of time in which to obtain affidavits from Petitioner's former attorneys and to prepare its response to Petitioner's claims. Furthermore, the Court will clarify for the record that it has construed Petitioner's nearly indecipherable Motion as raising claims that he was subjected to ineffective assistance of counsel by his attorney's alleged failure: (1) to memorialize his pre-plea negotiations and promises from the Government of a lower sentence; (2) to seek a hearing pursuant to Kastigar v. United States, 406 U.S. 441 (1972) concerning the inclusion of certain evidence of matters that were used to enhance his sentence, and concerning the timing of the instant conspiracy offense as it related to the use of his prior convictions for enhancement purposes; (3) to scrutinize the Government's arguments that his prior State convictions were

countable as more than one predicate offense for career offender purposes; (4) to object to the forfeiture proceedings during which he lost certain property; and (5) to perfect an appeal for him. (Doc. No. 1 at 3-4). The Court also construes the Motion as alleging a claim that the Government breached the parties' plea agreement. (Id. at 4). Consequently, Respondent's response should specifically address each of the foregoing allegations.

**NOW, THEREFORE, IT IS ORDERED that:**

1. Respondent's Motion to Dismiss (Doc. No. 3) is **DENIED without prejudice** to its right to file another such Motion at the appropriate time, premised either on a new ground or on the ground that Petitioner has failed to comply with the directive set out in this Order.

2. Within twenty (20) days of the date of this Order, Petitioner shall either file an amended copy of the instant § 2255 Motion that has been signed by him under penalty of perjury, or file an affidavit or declaration setting forth the factual allegations from his § 2255 Motion that support his claims of ineffective assistance and a breached plea agreement. **Petitioner is admonished that his failure to comply with this directive will result in the dismissal of his § 2255 Motion without any further notice to him**.

3. Within forty (40) days of the date of this Order, Respondent shall file a response to the above-noted allegations from Petitioner's Motion.

4. The Clerk shall send copies of this Order to the parties.

**SO ORDERED.**
3

Case 3:10-cv-00525-FDW   Document 5   Filed 09/30/11   Page 3 of 4

Signed: September 30, 2011

*[signature]*

Graham C. Mullen
United States District Judge